IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DARCELL KEMP TAYLOR | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv217 |
| CLEVELAND POLICE DEPARTMENT, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Darcell Kemp Taylor, an inmate formerly confined at the Beauregard Parish Phelps Prison, proceeding *pro se*, brought the above-styled lawsuit.

Discussion

A final judgment was entered on July 10, 2023, dismissing the action for want of prosecution. Plaintiff has filed a motion for reconsideration [Dkt. 12]. This memorandum considers such motion.

Analysis

Plaintiff's motion was filed within 28 days from the date the final judgment was entered. Accordingly, the motion will be considered under Rule 59 of the Federal Rules of Civil Procedure.

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

   (A)   after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

   (B)   after a non jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

> (2) *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
>
> (e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

The above-styled action was dismissed for want of prosecution based on plaintiff's failure to provide the Court with a current address at which he may be contacted which resulted in the Court's order for plaintiff to pay an initial partial filing fee being returned to the Court as undeliverable.

Plaintiff now asserts that his mail was intercepted and mishandled by prison staff. A review of the file in this action reveals the order was sent to plaintiff at the address he provided the Court. Plaintiff, however, claims his mail and, therefore, the order was erroneously returned to the Court unclaimed.

After careful consideration of plaintiff's motion and *pro se* prisoner status, the Court is of the opinion that plaintiff should be provided an additional opportunity to comply with the order of the Court. The Court will grant plaintiff an additional thirty days from the date of this order in which to comply with the Court's previous order to submit an initial partial filing fee of $6.75. Plaintiff is reminded that he will thereafter be responsible for payment of the remainder of the $350.00 filing fee.

## ORDER

For the reasons set forth above, plaintiff should be granted another opportunity to prosecute the above-styled lawsuit by paying the initial partial filing fee. Accordingly, it is

ORDERED that plaintiff's motion for reconsideration is GRANTED to the extent he will be afforded another opportunity to comply with the Court's order to pay an initial partial filing fee. It is therefore

ORDERED that plaintiff is GRANTED an extension of thirty days from the date of this order in which to submit an initial partial filing fee of $6.75, as ordered. If plaintiff timely complies with this order, the above-styled action will be reinstated on the Court's active docket.

**SIGNED this 28th day of December, 2023.**

Michael J. Truncale
United States District Judge